MATTER OF W——

In VISA PETITION Proceedings

A-11677385-6

*Decided by Board April 27, 1960*

**Preference quota status—Adopted child—Custody and residence requirements cannot be waived by foreign court.**

Adopted children are not eligible for preferential quota status unless adoptive citizen parents have complied with two-year residence and custody requirements in section 101(b)(1)(E) of Immigration and Nationality Act. Foreign court issuing adoption decree has no jurisdiction to waive factors necessary to establish parent-child relationship as defined by the act.

### BEFORE THE BOARD

**Discussion:** Petitioner, a native-born United States citizen, presently residing in the State of Illinois, appeals from decisions of the district director on February 12, 1960, denying petitions for preference visa status in behalf of A—— and E——A——W——, two adopted sons. The former was born in Poland on December 2, 1957, and the latter was born in Poland on October 17, 1952. It appears that these minor children are in Poland. (Preference quota status is sought under section 203(a)(2), Immigration and Nationality Act, as amended September 11, 1957, Public Law 85–316; and September 22, 1959, Public Law 86–363.)

Denial of the petitions herein is predicated on a finding that the beneficiaries do not meet the requirements of the statute defining the term "child" as that term is defined in section 101(b)(1)(E), Immigration and Nationality Act, as amended September 11, 1957 (Public Law 85–316); and the petitioner has not established that he is a "parent" as that term is defined in section 101(b)(2) of the Immigration and Nationality Act. In other words, the beneficiaries, both adopted children, have not been in the legal custody of, and have not resided with, the adoptive parents for at least two years after adoption as required for immigration purposes. The issue to be resolved is whether the relationship of parent and child (children) is established (section 205(b), Immigration and Nationality Act, as amended September 22, 1959; 8 U.S.C. 1155).

A translated document before us is copy of a "Decree" dated December 17, 1959, granted by the Judge of the County Court of

633

Debica, Poland, following hearing in the case of R—— and H——W——, Berwyn, Illinois, petitioners (lawfully married and both United States citizens), residing in Illinois, through their attorney for the adoption of two minors, E——A——G—— and A——G——. The court gave the minors the surname "W——," same as adoptive parents, and the legal rights of the natural parents to the minors were released. The court, observing that certain rules and regulations of 1955 in force in the State of Illinois, the residence of the petitioners, should be applied according to article 233, Act of September 2, 1926 (International Private Law), found that the adoptive parents met all of the requirements of the 1955 provisions (Illinois State laws). Thus, the court transferred the custody of both adopted minor children to the petitioners, R—— and H——W——. The court waived the requirement of six months' residence of the minors with the petitioners prior to adoption, which, under the circumstances, was impossible because the adopted minors were in Poland and the adoptive parents were in the United States.

Petitioner contends that the adoption decree has waived the requirement that the adoptive parents have legal custody of, and residence with, the adopted children for at least two years. It is urged that the adoption procedure was according to law.

We will emphasize again that the essential factor in resolving the issue presented is relationship of "parent" and "child" as defined in the immigration laws. The term "child" means an unmarried person under 21 years of age who, for the purposes of these petitions, is an adopted child whose adoption took place while he was under 14 years of age, *if the child has thereafter been in the legal custody of, and has resided with,* the adopting parent or parents for at least two years (section 101(b)(1)(E), Immigration and Nationality Act, as amended; and *Matter of C——F——L——*, VP 3–I–116868, Int. Dec. No. 996, Atty. Gen., 1959). The term "parent" means a parent only where the relationship exists by reason of any of the circumstances set forth above, that is, where all the requirements of the immigration statute defining the term "parent" and "child" have been met (section 101(b)(2) and section 205(b), Immigration and Nationality Act, as amended). To be eligible for preference quota status under section 203(a)(2), Immigration and Nationality Act of 1952, as amended, the petitioner must establish the relationship of adoptive parent (petitioner) and adopted child (children) (beneficiaries) within those terms as defined in the provisions of law referred to above. The fact that the court in Poland in adoption proceedings waived certain prior residence requirements, and the fact that the court transferred custody of the adopted children to the adoptive parents do not satisfy the pertinent require-

nent of the immigration statute providing a preference visa status for those meeting the requirements.

The beneficiaries herein were under the age of 14 years when adopted on December 17, 1959. It appears that the adoption procedure was according to the children's residence or domicile. The court, we observe, waived one requirement, namely, that the adopted children should have had six months' residence with the adoptive parents prior to the adoption decree. It may be stated that the beneficiaries (adopted children) have never been in the actual custody of the adopted parents after adoption; nor have they resided with the adoptive parents for any period of time. The adoption court, in transferring custody of the children to the adoptive parents, was without jurisdiction to waive any of the requirements of the pertinent immigration laws relating to the factors necessary to establish the relationship of "parent" and "child" (sections 101(b)(1)(E) and 101(b)(2), Immigration and Nationality Act).

Undoubtedly the denial of these petitions will result in disappointments and hardships to the petitioner and the beneficiaries. Notwithstanding these appealing factors, there is no alternative but to dismiss the appeals.

**Order:** It is ordered that the decisions of the district director denying the petitions herein be affirmed, and that the appeals therefrom be dismissed.